HANLON, JUDGE:
Claimant contractor entered into a contract with respondent for paving 5.28 miles of road surface on Interstate 70 in Ohio County. The project was known as a "crack and seat" project in which claimant broke up the existing concrete and used it as the base for the asphalt paving portion of the project. At the conclusion of the project, respondent deducted $114,538.78 from the final payment due claimant as a price adjustment on the cost of liquid asphalt. Claimant alleges that it is entitled to be paid the $114,538.78 and an additional $109,869.06 or $224,407.84 based upon the actual cost of the liquid asphalt and the application of the price adjustment clause.
A separate claim for a deduction made by respondent for asphalt placed in the rain was stipulated by the parties. Respondent agreed that claimant is entitled to $1,559.02 for this portion of the claim.
At the time that this contract was let to bid to contractors, the price of liquid asphalt was fluctuating. Liquid asphalt is just one ingredient of other asphalt products used in paving projects. To assist contractors and owners involved in projects using asphalt products, a publication by McGraw-Hill known as Platt's Oilgram Price Service (referred to hereinafter as Platt's Oilgram) published prices for liquid asphalt from various cities in the United States. Contractors were then able to estimate the cost of liquid asphalt when bidding contracts.
Claimant herein based its bid for this paying project by telephoning the Platt's Oilgram headquarters for the posted price of liquid asphalt on September 23, 1986, just prior to placing its bid. Claimant alleges it used the price of $110.83 per ton in calculating its bid. There is no specific item in bids for liquid asphalt. Liquid asphalt is a component of the other asphalt products used in paving roads and is generally considered to constitute six per cent of the other asphalt bid items. Claimant indicated that it was paying $76.00 per ton for liquid asphalt at the time of the bid. It was aware of the fluctuating price for this product.
Respondent used a specific formula to determine the price adjustment to be made after completion of the project. Two elements of the formula involve the price index for liquid *27 asphalt published in Platt's Oilgram at the time of bid and the actual cost of liquid asphalt at the time of placement of the asphalt product. If the parties to the contract are using different price indexes at the time of bid, the price adjustment is then skewed.
A Special Provision for the price adjustment of liquid asphalt was made a part of the contract between claimant and respondent, special Provision 109.9 provided, in part, as follows: "Because of the uncertainly in estimating the costs of petroleum products that will be used during the life of this contract, adjustment in compensation for certain contract items if provided for as follows: ...This index (referring to the price index at the time of bid) will be determined from the average Suppliers' Posted price FOB, per ton of asphalt cement from the following locations as published in Platt's Oilgram Price Service." The contract also contained a notice to bidders that the price index at the time of bid for liquid asphalt would $160.17.
Claimant alleged that it used the posted price of $110.83 per ton as the price index for liquid asphalt as of September 23, 1986, for its bid on this project submitted to respondent on September 23, 1986. Respondent used the published price of $160.17 taken from Platt's Oilgram published on May 27, 1986, which was the date that the contract document was prepared for bid. Although the stated price index was in the contract documents, claimant decided not use this figure as it was aware that this figure was not representative of the actual price for liquid asphalt at that time. The difference in these two figures naturally caused a difference in the dollar amount of the price adjustment calculated by both parties for liquid asphalt used on the project during the months of April, May, June, July and August 1987, when the paving was actually performed by the claimant. The price of liquid asphalt fluctuated from month to month at that time. Claimant's cost for liquid asphalt at the time of placement ranged from a low of $80.00 per ton to a high of $118.11 per ton.
Respondent and claimant agree that there were problems with Platt's Oilgram and the price adjustment for the liquid asphalt during the time frame of this contract. In fact, respondent offered claimant a change order to show a net change in the contract in the amount of $113,181.88 as the price adjustment for the liquid asphalt. Claimant refused to sign the change order as it contended it represented a loss to it for this project.
The issue for the Court to determine is what is fair to both parties. The price per ton for liquid asphalt used by claimant in its bid is speculative. There is no written figure in the bid proposal for liquid asphalt. However, it is also apparent to the Court that respondent was "hard-nosed" in its attitude toward claimant when its change order was not accepted. Respondent deducted $114,538.78 from the contract based upon the high figure of $160.17 as the price index for liquid asphalt at the time of bid in the price adjustment clause formula. It is the opinion of the Court that this was unnecessarily harsh treatment.
The Court is placed in the position of having to determine the amount due claimant. It is the opinion of the Court that claimant is entitled to receive that amount deducted by respondent at the time of the final estimate. The Court is also of the opinion that claimant is not *28 entitled to any additional amount based upon its price at the time of bid ($76.00) as this amount may or may not have been used in the calculation of the bid. The price at the time of bid used by claimant is speculative. Claimant would not have received any additional monies for other price adjustment if it had signed the change order. Therefore, the Court makes an award for this portion of the claim in the amount of $114,538,78, the amount deducted at the time of the final estimate.
The Court also makes an additional award of 1,559.02 for the stipulated portion of the claim.
Therefore, the Court is of opinion to and does make a total award to claimant in the amount of $116,097.80.
Award of $116,097.80.